IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

2018 FEB 20 A 11: 21

SHAWN LEE BROWN, # 419-413,

    Plaintiff,

v.

STEPHEN T. MOYER, SECRETARY,
  DEPT. PUBLIC SAFETY AND
  CORRECTIONAL SERVICES
ECI-ANNEX STAFF

    Defendants.

Case No.: GJH-17-815

## MEMORANDUM OPINION

Plaintiff Shawn Lee Brown, a prisoner confined at Eastern Correctional Institution ("ECI"), has filed this self-represented civil rights action pursuant to 42 U.S.C. § 1983. Brown seeks money damages against Stephen T. Moyer, Secretary for the Department of Public Safety and Correctional Services (DPSCS) for injuries caused when a mechanical door abruptly slammed shut on his finger. Pending before the Court is Moyer's Motion to Dismiss or, in the Alternative, for Summary Judgment,[1] ECF No. 9, Brown's Opposition, ECF No. 13, Brown's Motion for Jury Trial, ECF No. 11, and Brown's Motion to Appoint Counsel, ECF No. 12. No hearing is needed to resolve the pending motions. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Brown's motions will be DENIED and Moyer's Motion will be GRANTED.

---

[1] Although Brown names Correctional Services ECI-Annex Staff in the caption of his Complaint, he does not name specific individuals as defendants alleged to be responsible for his injuries. "Correctional Services ECI-Annex Staff" does not designate individuals to be served, and thus is dismissed from this action. ECF No. 3 at 1.

## I. BACKGROUND

The facts surrounding Brown's Complaint are largely uncontested. On January 14, 2017, the middle finger of Brown's right hand was fractured when a hydraulic door at the ECI-Annex abruptly slammed shut on it. Brown required an emergency room visit for stitches and splinting. ECF No. 1 at 2–3; ECF No. 9-2 at 1–2.[2] Following his injury, Brown claims he requested an incident report, but nothing was done. ECF No. 13-1 at 2. Brown alleges he still has problems moving his finger.[3] *Id.* He states that the problem with the frequently-used door should have been discovered and fixed prior to his injury. *Id.* at 4. Following the incident, a repair order was received in the Maintenance Department on February 6, 2017, and the door was repaired the following day. ECF No. 9-3 ¶ 2 (Decl. of Kenneth Glasgow).

## II. STANDARD OF REVIEW

Moyer's Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. If the Court considers materials outside the pleadings, as the Court does here, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* When the moving party styles its motion as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, as is the case here, and the nonmoving party attaches exhibits to its opposition, the nonmoving party is aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports. Auth.,* 149 F.3d 253, 260–61

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] Allegations of improper or deficient medical care for Brown's finger injury are not raised in this Complaint and will not be considered herein.

(4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre- or post-discovery).

Summary judgment should not be granted, however, if the nonmoving party has not had the opportunity to discover information that is essential to his opposition to the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1987). If the nonmoving party feels that the motion is premature, that party can invoke Fed. R. Civ. P. 56(d). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986). Brown, who has received copies of the exhibits that accompany the dispositive motion, ECF No. 9, and has attached an exhibit to his opposition, is aware that materials outside the pleadings are before the Court, and that the Court may treat the motion as one for summary judgment. Furthermore, Brown has not filed an affidavit, pursuant to Fed. R. Civ. P. 56(d), to show what essential facts, currently unavailable to him, he could present if given an opportunity to conduct discovery. Thus, the Court is satisfied that it is appropriate to address Moyer's Motion as one for summary judgment.

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), 56(a); *see also Celotex,* 477 U.S. at 322. The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv., Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving

party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23.

A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248). A dispute of material fact is only genuine if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v., Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 324–25). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Finally, because Brown is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

### A. Appointment of Counsel

A federal judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[4] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel in civil matters; an

---

[4] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

4

indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Upon careful consideration of Brown's filings herein, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated, and there are no exceptional circumstances that would warrant the appointment of an attorney to represent Brown under § 1915(e)(1). His Motion to Appoint Counsel, ECF No. 12, shall be denied.

### B. Motion for Jury Trial

Fed. R. Civ. P. 38(b) requires the party seeking trial by jury to notify the opposing party of that demand "no later than 14 days after the last pleading directed to the issue is served." Brown filed his Motion for Jury Trial four months after the filing of the Complaint, and nearly two months after Moyer, through counsel, accepted service of process. Even if timely, however, the case will not proceed to trial for reasons outlined below. The Motion for Jury Trial, ECF No. 11, shall be denied.

### C. Failure to State a Claim

Brown brings this action under the auspices of the Eighth Amendment, alleging that the staff failed to correct the broken door, subjecting him to an unsafe environment and cruel and unusual punishment. "The Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir.

2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Those duties "include maintaining humane conditions of confinement, including . . . 'reasonable measures to guarantee the safety of the inmates.'" *Id.*

A plaintiff must satisfy a two-part inquiry that includes both an objective and subjective component before prison officials may be held liable under the Eight Amendment. *See Raynor*, 817 F.3d at 127. "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it . . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgments, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999).

Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or a substantial risk to either injury. *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014) (internal quotation omitted). The objective inquiry requires the Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

Subjectively, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and that the inference was drawn. *Id.* at 837. A plaintiff may "prove an official's actual knowledge of a substantial risk 'in the usual ways including inference from circumstantial evidence'" so that "a

factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Raynor*, 817 F.3d at 128 (citing *Farmers*, 511 U.S. at 842).

Nothing in the record suggests that staff working within the prison had knowledge that the mechanism used to close the door was broken, or that, if known, ignoring the disrepair was sufficiently egregious to establish Eighth Amendment liability. Likewise, nothing suggests that Moyer should have known of the problem. In the absence of any wrongdoing by prison staff, Moyer cannot be held strictly liable for Brown's injury.[5]

At most, Brown's claim is one of negligence, a state tort claim. Such a claim does not state a constitutional or federal statutory violation and cannot be brought in this Court pursuant to § 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986). To the extent Brown's Complaint may be construed as raising the state tort claim and seeking to invoke this Court's supplemental jurisdiction, the Court declines to exercise that jurisdiction. A federal court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed the federal claim. 28 U.S.C. § 1367(c)(3). When, as here, the federal claim is dismissed, federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction.

---

[5] Brown's theory of liability is based on Moyer's status as a supervisor, a doctrine known as *respondeat superior*. The doctrine of *respondeat superior*, however, is not applicable in § 1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under § 1983). Instead, any liability imputed to supervisory officials is premised on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care. *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Thus, supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Such a showing is not alleged here, thus the Court need not consider Moyer's additional defense of qualified immunity.

*See Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Brown's claim regarding negligence is dismissed without prejudice.[6]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff Brown's motions for jury trial and to appoint counsel are denied, and Defendant Moyer's Motion for Summary Judgment is granted. A separate Order follows.

Dated: February 20, 2018

GEORGE J. HAZEL
United States District Judge

---

[6] To the extent these state claims remain viable, Brown may wish to pursue any appropriate action in state court.

8